## A90A1529. ELECTRICAL WORKERS HOME ASSOCIATION OF ATLANTA, INC. v. DEPARTMENT OF TRANSPORTATION.

(401 SE2d 347)

CARLEY, Judge.

The relevant facts in this condemnation action are the following: Appellant-Condemnee owns two adjacent city blocks. An office building is located on one block and parking and training facilities are located on the other. Acting pursuant to OCGA § 32-3-1 et seq., appellee-Condemnor filed a separate declaration of taking as to each parcel and deposited its estimates of just and adequate compensation into the registry of court. Being dissatisfied with the estimated amount of compensation, Condemnee appealed pursuant to OCGA § 32-3-14 and the two actions were consolidated for jury trial. Condemnee now appeals from the judgment that was entered by the superior court on the jury's verdict.

1. Over objection, an expert witness for Condemnor was allowed to give his opinion as to a single aggregate value for both parcels rather than to a separate value for each of the two parcels. This evidentiary ruling is enumerated as error.

We note at the outset that Condemnee's reliance upon *Seckman v. Ga. Power Co.*, 155 Ga. App. 204 (270 SE2d 328) (1980) is mis-

placed. The issue presented for resolution is not whether the two parcels are to be considered as contiguous for the purpose of determining the extent of the recoverability of *consequential damages*. Compare also *Georgia Power v. Bray*, 232 Ga. 558 (207 SE2d 442) (1974). There was a partial taking of *both* parcels and the question is whether, in this consolidated proceeding, it was reversible error to allow an expert to testify as to his opinion regarding a single aggregate *value of both partially-taken parcels* rather than to a separate value for each of the two parcels. The record shows that the expert's testimony was based upon his opinion that the aggregate value of both partially-taken parcels was *greater* than the sum of the separate values of each of the two parcels. Accordingly, the expert's opinion testimony as to value was, in fact, beneficial to Condemnee and it was, therefore, not reversible error to have admitted that testimony. See *Department of Transp. v. Arnold*, 154 Ga. App. 502 (268 SE2d 775) (1980).

2. It was not error to allow Condemnor's expert to explain his opinion as to consequential damages. "When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based but he may do so. [Cit.]" *Lewis v. State Hwy. Dept.*, 110 Ga. App. 845, 847 (2) (140 SE2d 109) (1964). The credibility of both the expert's opinion and the explanation therefor was for the jury.

3. Condemnee attempted to adduce an expert's opinion that access had been rendered "hazardous" as the result of the configuration of the highway at a point which was some 500 feet from the parcels. Condemnor's objection to the relevancy of this testimony was properly sustained. *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963). Moreover, the record shows that Condemnee was nevertheless successful in subsequently adducing the irrelevant testimony.

4. It was not error to sustain Condemnor's objections to certain questions which were propounded to a non-expert witness for Condemnee who had no personal knowledge of the condition of the parcels on the relevant dates of taking. The witness was properly precluded from giving an opinion as to the conditions of the parcels which she had formed entirely upon inadmissible hearsay. *Marshall v. Pierce*, 136 Ga. 543 (3) (71 SE 893) (1911).

5. The refusal to give one of Condemnee's requested instructions is enumerated as error. Although the instruction expressed legal principles which were not otherwise adjusted to the facts of the case, the record shows that the substance thereof was nevertheless presented to the jury in the charge as given by the superior court. Accordingly, there was no reversible error.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 17, 1991.

*Wall & Noonan, W. Alford Wall*, for appellant.

*Charles C. Pritchard, Michael J. Bowers, Attorney General*, for appellee.