A93A2129, A93A2130. MONK et al. v. DIAL et al.; and vice versa.
(441 SE2d 857)

McMURRAY, Presiding Judge.

At shortly past 10:00 p.m. on May 21, 1991, Miller A. Dial was driving his pickup truck on Georgia Route 10 near Monroe, Georgia when it collided with a tractor-trailer driven by defendant Larry Monk and owned by defendant Apache Transport, Inc. ("Apache"). Plaintiff Agnes H. Dial, individually and as the executrix of the estate of her deceased husband, Miller A. Dial, brought this action for wrongful death and other damages, alleging that the collision and death of her husband were the result of the negligence of Monk and Apache. Defendant Royal Indemnity Company is the issuer of a policy of indemnity insurance which provides coverage to Apache for the claims of the plaintiff. In Case No. A93A2129, defendants appeal following a jury verdict and judgment awarding damages to plaintiff for property damages, pain and suffering, and for the value of the life of the decedent. In Case No. A93A2130, plaintiff appeals the verdict and judgment insofar as they deny any award of punitive damages. *Held:*

1. In the first enumeration of error of the main appeal, defendants argue that there was no evidence to support the verdict and judgment for decedent's pain and suffering. This argument is based on the supposition that decedent did not consciously experience pain such as would support an award of damages for pain and suffering, that is, that death was instantaneous. The decedent's pickup truck was traveling at great speed when it collided with the tractor-trailer and there was no movement or sign of life after the collision. Nonetheless, from evidence that the decedent's vehicle veered shortly before the collision, the jury could infer that decedent was aware of the impending crash, and from these circumstances could extrapolate the probable mental state of decedent in that last moment of consciousness. The fright, shock, and mental suffering experienced by an individual due to wrongful acts of negligence will authorize a recovery where attended with physical injury. *Candler v. Smith,* 50 Ga. App. 667, 673 (3 (a)) (179 SE 395). Contrary to defendants' assertion, we find no requirement that the physical injury precede the mental pain and suffering. See *Cooper v. Mullins,* 30 Ga. 146, 152 (76 AD 638).

Once it is established that damages for pain and suffering were authorized by the evidence, the amount of those damages becomes a matter for the enlightened conscience of the jury. In the absence of plain proof that the verdict was the result of prejudice or bias, this Court will not interfere. *Dargan, Whitington & Conner, Inc. v. Kitchen*, 138 Ga. App. 414, 418 (3) (226 SE2d 482).

2. The denial of defendants' motion for directed verdict was not error due to a lack of evidence as to the cause of death.

3. The trial court did not err in admitting evidence of prior similar collisions involving Apache tractor-trailers. "Where evidence of a prior similar accident tends to show condition and knowledge of that condition, the evidence is admissible. [Cits.] All that is required is that the prior accident be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident. [Cit.]" *Pembrook Mgmt. v. Cossaboon*, 157 Ga. App. 675, 677 (3) (278 SE2d 100). See also *Conyers Toyota v. Southern Bell Tel. &c. Co.*, 198 Ga. App. 90, 93 (5) (400 SE2d 662). While defendants contend that the prior incidents were not similar, we hold otherwise as the prior collisions, as well as that in the case sub judice involved Apache tractor-trailers which were blocking the roadway on clear nights. The drivers in each incident had not been drinking and the evidence was consistent with a hypothesis that the drivers who collided with the tractor-trailers had not seen them in time to avoid the collisions. The evidence concerning the prior incidents was admissible to show that Apache's attention should have been attracted to the issue of nighttime visibility of tractor-trailers. Any error in the trial court permitting plaintiff's attorney to reference inadmissible police reports concerning these earlier collisions during the cross-examination of Apache's chief executive officer was harmless under the circumstances of the case sub judice.

4. The trial court did not err in permitting plaintiff's experts to base opinions on hearsay. Under the decision in *King v. Browning*, 246 Ga. 46, 47 (268 SE2d 653) such testimony was admissible and the experts' lack of personal knowledge goes to the weight to be assigned the evidence rather than its admissibility. See also *Bentley v. B. M. W., Inc.*, 209 Ga. App. 526, 528 (2) (433 SE2d 719).

5. Next, defendants contend that the trial court erred in admitting expert testimony that defendant Apache was obligated to exceed federal standards relating to lights and reflectors. Defendants' brief connects this enumeration to the testimony of plaintiff's mechanical engineering expert, Cerny. However, we have reviewed the testimony of this witness, including particularly those pages designated by defendants and have been unable to find any statement by this witness suggesting that defendants were negligent in failing to exceed the federal standards. The factual predicate being absent from the record,

we must conclude that this enumeration of error lacks merit.

6. Plaintiff presented as an expert witness a psychologist who had conducted extensive research on the difficulties of nighttime driving including vision problems. Defendants' next two enumerations of error are concerned with the testimony of this witness.

First, defendants contend that the trial court erred in admitting expert testimony regarding the alleged "general hazard" of nighttime accidents and safety measures taken by other operators of trucks and buses. In response to defendants' motion in limine seeking to exclude such evidence, the trial court ruled that studies concerning nighttime driving of which defendants were knowledgeable or should have been knowledgeable ("at least put the onus on them to be knowledgeable") would be admissible.

When the psychologist referred to studies conducted in the 1940's and 1950's by Greyhound Bus Line and the U. S. Post Office as the earliest research concerning the visibility of large vehicles at night, defendants objected stating at most a hearsay ground for the objection. The testimony in question was provided as part of a brief summary of the history of the witness' area of expertise and thus constituted a part of that body of knowledge upon which the expert's opinions were based. It was not error to permit the expert witness to state the facts on which his opinion was based. *Elec. Workers &c. of Atlanta v. Dept. of Transp.*, 198 Ga. App. 345, 346 (2) (401 SE2d 347). And, insofar as the expert's opinions may have been based on hearsay, such goes to the issue of credibility rather than admissibility as addressed in Division 4 of this opinion.

Defendants also enumerated as error the admission of the psychologist's testimony relating to the nighttime vision of the decedent because he was not qualified to render such opinion and the testimony was speculative and without foundation in fact. Defendants' motion in limine sought to exclude testimony from the psychologist regarding what the decedent could have seen at the time of the accident and the trial court ruled that such testimony could not be presented before the jury. While, via this enumeration of error, defendants maintain that such testimony was erroneously permitted at trial such is not the case. The psychologist did testify at length concerning the normal reduction in visual perception in low light conditions, the deterioration of nighttime vision which naturally accompanies aging (the decedent was 62 years of age), and the perceptual errors which might occur under the circumstances confronted by the decedent. While this evidence would presumably provide some assistance to the jury in determining what the decedent saw, it would not be correct to characterize this testimony as directly stating what the decedent could have seen on the night in question. Nor did the substance of the testimony involve matters reserved to medical experts.

7. Defendants' remaining enumerations of error are also without merit. The ninth enumeration of error complains of the trial court's refusal to give a requested jury charge predicated on OCGA § 40-6-50 (b). However, the requested charge was argumentative, not adjusted to the evidence in the case, contained an inadequate statement of law, and constituted an impermissible comment on the evidence. There was no error in the refusal to use the requested charge.

The defendants' final enumeration of error complains of the form of the verdict. Yet, defendants having failed to object to the form of the verdict at the time it was published have waived their right to object on appeal. *Southern Cellular Telecom v. Banks*, 208 Ga. App. 286, 289 (7) (431 SE2d 115).

8. In the cross-appeal (Case No. A93A2130), plaintiff maintains that the evidence demanded an award of punitive damages so that the failure of the jury to return such a verdict reflects some bias, prejudice, or error in the jury's understanding of the instructions. However, "in a case where punitive damages are authorized, it is exclusively within the province of the jury to determine whether to award them and how much to award. See generally *Bonds v. Powl*, 140 Ga. App. 140, 142 (230 SE2d 133) (1976)." *Smyrna Marine v. Stocks*, 172 Ga. App. 426, 427 (2) (323 SE2d 286).

*Judgments affirmed. Blackburn, J., concurs. Johnson, J., concurs in judgments only.*

DECIDED FEBRUARY 24, 1994 —
RECONSIDERATION DENIED MARCH 10, 1994 — 

*Dennis, Corry, Porter & Gray, Robert E. Corry, Jr., Pamela J. Byrd, Robert G. Ballard*, for appellants.
*William G. Gainer, Roberta A. Earnhardt, David W. Boone*, for appellees.