S98A1840. COILE et al. v. GAMBLE.
(510 SE2d 828)

HUNSTEIN, Justice.

Ella Gamble brought an equitable action after the death of her brother, Benjamin Elder, who died in November 1994, to cancel and set aside an April 1991 deed in which Elder conveyed 202 acres to his friends James and Bonnie Coile in exchange for unspecified personal services the Coiles had agreed to provide him. A jury found that the deed should be set aside on the grounds of great disparity of consideration joined with great disparity of mental ability among the parties; undue influence; and mistake of fact by Elder mixed with fraud by the Coiles. The trial court entered judgment on the jury's verdict and subsequently denied the Coiles' motion for new trial. This appeal ensued.

1. Appellants contend that numerous errors were committed by the trial court in the requested charges it refused to give and the charge as given to the jury.

As an initial matter, our review of the record reveals that at all times during the proceedings below, counsel for both parties and the trial court operated under the belief that the factual conflicts presented for resolution in this equitable action were within the jury's exclusive province. The pre-trial order signed by counsel for the parties, the trial court's rulings on motions for directed verdict during the trial, the judgment entered on the jury's verdict, and arguments made for and against the motion for new trial, as well as the

ruling on that motion, all consistently establish that the proceedings were conducted with the jury serving as the finders of fact in the same manner as a jury in an action at law. It is only for the first time on appeal that appellee asserts the position that the jury in this equitable action served solely as an advisory body to the trial court. See *Bagley v. Robertson*, 265 Ga. 144, 145 (454 SE2d 478) (1995). Given the unique circumstances in this case, we need not determine whether appellee is correct that errors in the jury charge must be deemed harmless because a trial court in an equitable action is not bound by an advisory jury's findings of fact. Rather, because the trial court's judgment in this case was not based on an adoption of an advisory jury's findings but rather constituted an entry of judgment on facts found by the jury and conclusively accepted by the trial court, we hold that the judgment against appellants is subject to reversal should error in the jury instructions be demonstrated.

2. Appellants contend that the trial court erred by failing to give their requested charge that "weakness of mind not amounting to imbecility is not sufficient mental incapacity to justify setting a deed aside." This charge contained a correct statement of Georgia law and was applicable to the issues being tried. See *Thomas v. Garrett*, 265 Ga. 395 (3) (456 SE2d 573) (1995). In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law, and evidence; and not otherwise covered in the general charge. *Lee v. Bartusek*, 205 Ga. App. 551 (1) (422 SE2d 570) (1992). The transcript reveals that the trial court charged the jury that "the degree of mentality necessary for a party to execute a valid contract is that the party must be possessed of mind and reason equal to a clear and full understanding of the nature and the consequences of his act in making the contract." Although appellee is correct that this charge states a higher standard of mental capacity, we find meritless appellee's assertion that the charge benefitted appellants and thus ameliorated any error created by the failure to give appellants' requested charge. On the contrary, the trial court's charge benefitted appellee, in that it authorized the jury to find in appellee's favor if the jury determined that Elder's mental condition when he executed the deed failed to meet the higher standard of mental capacity, thus allowing appellee to prevail even if Elder's mental condition reflected a weakness of mind not amounting to imbecility, i.e., the standard of mental capacity set forth in appellants' requested charge. We agree with appellants that the trial court's failure to give their requested charge on a critical legal defense constituted substantial error and the trial court therefore erred by denying appellants' motion for new trial. See *Blankenship v. West Ga. Plumbing Supply*, 213 Ga. App. 275, 277-278 (444 SE2d 596) (1994).

3. Because the judgment must be reversed, we need not address appellants' evidentiary arguments. Appellants' remaining enumerations either will not recur upon retrial or were not properly objected to in the trial court.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 19, 1999 —
RECONSIDERATION DENIED FEBRUARY 19, 1999.

*Dave M. Hudgins,* for appellants.
*McLeod, Benton, Begnaud & Marshall, Malcolm C. McArthur, Michael C. Pruett, Fisher & Phillips, John B. Gamble, Jr.,* for appellee.