A05A0102, A05A0103. MTW INVESTMENT COMPANY et al.
v. ALCOVY PROPERTIES, INC.; and vice versa.

(616 SE2d 166)

RUFFIN, Chief Judge.

This is the fourth appearance of this case before this Court. In Case No. A05A0102, MTW Investment Company ("MTW")[1] appeals the jury's award of $625,000 in nominal damages to Alcovy Properties, Inc. ("Alcovy"), contending that the award is excessive as a matter of law. MTW also argues that the trial court erred in instructing the jury and in awarding post-judgment interest.[2] In Case No. A05A0103, Alcovy cross-appeals, asserting that the trial court erred in excluding evidence of additional attorney fees accrued.[3] For reasons that follow, we reverse in Case No. A05A0102, which renders the cross-appeal moot.

The undisputed facts show that MTW was a limited partner of Regency Forrest Association ("Regency"). Regency owned a parcel of land, which it sold to Alcovy. MTW brought suit against Alcovy, alleging that Regency lacked authority to sell the property, and it filed a lis pendens against the property. Alcovy moved for summary judgment on MTW's claim, and the trial court granted the motion.[4]

Alcovy also filed a counterclaim against MTW for abusive litigation in accordance with *Yost v. Torok*.[5] Although the trial court dismissed the counterclaim, this Court held that dismissal improper.[6] Thus, the case eventually went to trial, during which Alcovy asserted that it had been damaged by virtue of MTW filing the lawsuit and lis pendens. Specifically, Alcovy argued that, if the lis pendens had not been filed, which clouded the title to the property, it could have subdivided the property and sold it for a substantial profit. The jury evidently agreed, and it awarded Alcovy $330,045 in damages and $75,000 in attorney fees. Because Alcovy had already received $214,500 for the property in a condemnation proceeding, the trial court offset this amount from the damages award.

---

[1] In addition to MTW Investment Company, the appellants include the estate of Victor Maslia, Lee Terry, and Larry Wolfe. For the sake of clarity, we refer to all appellants collectively as MTW.

[2] Although MTW also argues that the trial court erred in failing to set aside an award of attorney fees, for reasons that follow, we do not address this argument on appeal.

[3] Alcovy also filed a motion in this Court for damages based upon a frivolous appeal. This motion is hereby denied.

[4] This ruling was affirmed by the Supreme Court without opinion.

[5] 256 Ga. 92 (344 SE2d 414) (1986).

[6] See *Alcovy Properties v. MTW Investment Co.*, 212 Ga. App. 102, 103-104 (3) (441 SE2d 288) (1994). The parties also filed cross-appeals regarding an order of the trial court, which this Court dismissed in *MTW Investment Co. v. Alcovy Properties*, 223 Ga. App. 230 (477 SE2d 395) (1996).

MTW appealed the verdict, and this Court reversed, finding that the loss of profits that served as a basis for the jury's verdict was too speculative.[7] Accordingly, this Court vacated the judgment and remanded the case for retrial on the abusive litigation claim.[8] Although MTW contended retrial was barred, we found that, under *Yost*, Alcovy could establish entitlement to nominal damages.[9]

In March 2003, a new trial commenced on both liability and damages. As with the first trial, Alcovy offered evidence that it was damaged by a lost opportunity to develop and sell the land after MTW filed its lis pendens. MTW moved for a directed verdict on actual damages, arguing that damages were too speculative. The trial court granted the motion, but allowed the jury to address whether Alcovy was entitled to nominal damages. The jury then awarded Alcovy $625,000 in nominal damages.

## Case No. A05A0102

1. On appeal, MTW argues that the jury's verdict is excessive as a matter of law. This Court recently addressed the issue of excessive nominal damages in *Wright v. Wilcox*.[10] In that case, we noted that

> [n]ominal damages are generally defined as a trivial sum awarded where a breach of duty or an infraction of the plaintiff's right is shown, but no serious loss is proved. However, in Georgia, the term "nominal damages" is purely relative, and carries with it no suggestion of certainty as to amount. Instead of being restricted to a very small amount, the sum awarded as nominal damages may, according to circumstances, vary almost indefinitely. In some cases a very small amount might constitute the trivial sum contemplated by the term nominal damages; in others a much larger amount might measure down to the same standard of triviality. And even though a verdict for nominal damages may be apparently large in its amount, it cannot be set aside simply because the amount is large, absent evidence of prejudice or bias in any incident at trial or a mistake on the part of the jury.[11]

---

[7] See *MTW Investment Co. v. Alcovy Properties*, 228 Ga. App. 206, 206-209 (1) (a) (491 SE2d 460) (1997).

[8] See id. at 209.

[9] See id. at 210-211 (1) (c).

[10] 262 Ga. App. 659 (586 SE2d 364) (2003).

[11] (Citations and punctuation omitted.) Id. at 663 (2).

Here, MTW does not argue that the verdict should be set aside based upon prejudice, bias, or mistake. Rather, MTW argues solely that the excessive amount justifies this Court's intervention. Thus, we are unable to set aside the verdict on this basis.[12]

2. Nonetheless, we do find that the verdict must be reversed on another ground. According to MTW, the trial court erred in refusing to give a requested jury charge instructing the jury to consider the money Alcovy received in the condemnation case in determining the amount of damages. Although such charge would ordinarily not be required in a case in which the sole issue was nominal damages, we agree that the charge as given was erroneous.

"In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law, and evidence; and not otherwise covered in the general charge."[13] "When an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless."[14]

MTW requested that the trial court charge the jury that "the fact that Alcovy has already received compensation for the property in the condemnation case must be considered in determining what amount of damages, if any, Alcovy has incurred, since Alcovy would not have received such award if it had sold the property as it contends it would have." The trial court declined to issue such instruction, finding it "threatened to confuse the jury into believing that it must first determine nominal damages, and then subtract the condemnation proceeds in reaching a final award."

Again, the requested instruction generally would not be required in a case in which the sole issue is nominal damages. In this case, however, the trial court charged the jury that it "should award [Alcovy] all nominal damages *proven* by [a] preponderance of the evidence."[15] But the hallmark of nominal damages is that they are not susceptible of proof.[16] Indeed, case law makes clear nominal damages are awarded: (1) "[w]here no actual damage flows from the injury";[17] or (2) "where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent."[18] The

---

[12] See *Wright*, supra; *Atlantic Coast Line R. Co. v. Stephens*, 14 Ga. App. 173, 174 (80 SE 516) (1914).

[13] *Coile v. Gamble*, 270 Ga. 521, 522 (2) (510 SE2d 828) (1999).

[14] (Punctuation omitted.) *Foskey v. Foskey*, 257 Ga. 736, 737 (2) (363 SE2d 547) (1988).

[15] (Emphasis supplied.)

[16] See *Bill Parker & Assoc. v. Rahr*, 216 Ga. App. 838, 842 (4) (456 SE2d 221) (1995).

[17] *Willett v. Stookey*, 256 Ga. App. 403, 412 (7) (568 SE2d 520) (2002).

[18] *Jones v. Padgett*, 186 Ga. App. 362, 364 (4) (367 SE2d 88) (1988).

trial court further instructed the jury that "damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. However, damages traceable to the act but which are not its legal and natural consequence, are too remote and contingent to be recovered."

At best, these instructions were contradictory — on the one hand telling jurors to award only nominal damages, yet on the other instructing them to award the sum *proven* as damages flowing from MTW's tortious conduct. " 'A charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligible verdict, and requires the grant of a new trial.' "[19]

Having charged jurors that they were to ascertain what damages had been proven, it was incumbent upon the trial court to further instruct them that, in determining the amount, they should take into account the money Alcovy had already received in connection with the condemnation proceedings. Given this Court's prior ruling, such instruction was essentially the law of the case.[20] Under these circumstances, the trial court's erroneous and contradictory jury charge requires the grant of a new trial.

3. Although our holding in Division 2 is dispositive, as a matter of judicial economy, we address an issue likely to recur on retrial:[21] Alcovy's entitlement to post-judgment interest. The trial court found that post-judgment interest began to accrue following the first trial on the jury verdict awarding Alcovy $330,045. Accordingly, the trial court awarded post-judgment interest on this amount from the date of entry of this judgment through the entry of judgment in the second trial. On appeal, MTW contends that, given this Court's reversal in the earlier case,[22] the trial court erred in awarding post-judgment interest in this manner. Again, we agree.

In *CRS Sirrine v. Dravo Corp.*,[23] this Court set forth the parameters for awarding post-judgment interest in cases such as this. Specifically, we adopted the rule

---

[19] *Clements v. Clements*, 247 Ga. 787, 789 (2) (279 SE2d 698) (1981).

[20] See *MTW Investment*, supra, 228 Ga. App. at 210, n. 3 (in which this Court concluded that the condemnation award was relevant and "must be considered [by the jury] in determining the amount of Alcovy's damages"); OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals").

[21] See *Topeka Machinery Exchange v. Stoler Indus.*, 220 Ga. App. 799 (2) (470 SE2d 250) (1996) (evidentiary issues).

[22] *MTW Investment*, supra, 228 Ga. App. at 206.

[23] 219 Ga. App. 301 (464 SE2d 897) (1995).

that where more than one judgment has been entered in a case, the decision of whether [post-judgment] interest should run from entry of the original or second judgment turns on the degree to which the original judgment was upheld or invalidated on appeal. In general, where a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment.[24]

In the most recent incarnation of this case, this Court reversed the verdict and vacated the judgment based upon the lack of an evidentiary basis supporting the award of damages.[25] Thus, under the express language of *CRS Sirrine*, post-judgment interest accrues from the date of the second judgment, and the trial court erred in concluding otherwise.[26]

4. In view of our holding in Division 2, we need not address MTW's remaining enumerations of error.

### Case No. A05A0103

5. In its sole enumeration of error in the cross-appeal, Alcovy argues that the trial court erred in excluding evidence of a large portion of its attorney fees. Since we reverse and remand on the damages claim in Division 2, we need not address this argument on appeal.[27] We thus dismiss the appeal in Case No. A05A0103 as moot.

*Judgment reversed in Case No. A05A0102. Case No. A05A0103 dismissed as moot. Johnson, P. J., and Barnes, J., concur.*

DECIDED JUNE 22, 2005 — 

*Kilpatrick Stockton, R. Randy Edwards*, for appellants.
*Kerry S. Doolittle*, for appellee.

---

[24] (Citations and punctuation omitted.) Id. at 304 (2).

[25] See *MTW Investment*, supra, 228 Ga. App. at 207-209 (1) (a).

[26] See *CRS Sirrine*, supra; *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U. S. 827, 836 (110 SC 1570, 108 LE2d 842) (1990) ("Where the judgment on damages was not supported by the evidence, the damages have not been 'ascertained' in any meaningful way.").

[27] See *Koppar Corp. v. Robertson*, 186 Ga. App. 856, 858 (2) (368 SE2d 807) (1988).