S06F0328. CORBETT v. CORBETT.

(628 SE2d 585)

HUNSTEIN, Presiding Justice.

Charles Corbett appeals from the trial court's order denying his motion for partial summary judgment seeking to enforce an antenuptial agreement. Finding no error, we affirm.

Charles (Husband) and Eileen (Wife) Corbett were married in 1987. Three days before their marriage, they entered into an antenuptial agreement which provided, inter alia, that should the marriage dissolve, each would retain their separate property and assets, with each party waiving any and all rights to seek alimony, maintenance, support, inheritance, or intestacy. In signing the agreement, both parties acknowledged that they had read it and had it explained to them by specifically identified independent counsel of their own choosing. The agreement also purported to make full disclosure of the separate property and assets of Husband and Wife as to which both were waiving any current or future claim. Instead, the evidence uncontrovertedly established that Wife had not read the agreement prior to signing it, she did not have an attorney review or explain the agreement, she did not provide Husband a list of her personal property and assets or their estimated value, and she had no knowledge, independent or otherwise, as to the amount of Husband's income.

After 15 years of marriage, Wife filed for divorce. Husband moved for partial summary judgment seeking to enforce the agreement. The

trial judge denied the motion, finding the agreement unenforceable under *Scherer v. Scherer*, 249 Ga. 635 (292 SE2d 662) (1982). After a jury trial, at which the agreement was not mentioned, the trial court entered judgment on the verdict and granted the parties a divorce. We granted Husband's application for discretionary appeal pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. Husband contends the trial court erred in failing to enforce the antenuptial agreement. Under this Court's decision in *Scherer*, a trial court must consider three factors in determining the validity of an antenuptial agreement:

> (1) was the agreement obtained through fraud, duress or mistake, or through misrepresentation or nondisclosure of material facts? (2) is the agreement unconscionable? (3) have the facts and circumstances changed since the agreement was executed, so as to make its enforcement unfair and unreasonable?

*Scherer*, supra, 249 Ga. at 641 (3). "Whether an agreement is enforceable in light of these criteria is a decision made in the trial court's sound discretion. [Cit.]" *Alexander v. Alexander*, 279 Ga. 116, 117 (610 SE2d 48) (2005).

The trial court in this case concluded that the agreement failed under all three prongs and in its order gave independent justification for its findings as to each prong. As to the first prong, the court held that the agreement failed because Husband failed to disclose his income. It is undisputed that at the time of their marriage, the parties, who had both previously been married and divorced, possessed separate assets. Each owned their separate homes, and Husband owned an independent safety and security alarm business, as well as various business and residential properties from which he received rental income. It is also undisputed that the agreement fails to disclose Husband's income and that Wife waived her right to seek alimony as part of the agreement. Husband's income, therefore, was material to the antenuptial agreement and would have been a critical factor in Wife's decision to waive alimony. See *Alexander*, supra, 279 Ga. at 117-118. We find nothing in the parties' standard of living before the marriage which would have put Wife on notice that Husband failed to disclose material facts so as to render the nondisclosure immaterial. Compare id. at 118 (nondisclosure of $40,000 investment account rendered antenuptial agreement unenforceable) with *Mallen v. Mallen*, 280 Ga. 43 (622 SE2d 812) (2005) (wife deemed to be aware of husband's "significant income" from high standard of living before marriage).

2. Because we find the trial court did not abuse its discretion in finding the agreement unenforceable under the first *Scherer* prong, we need not consider whether the trial court erred by holding that the agreement was unconscionable and that the circumstances had changed so as to make enforcement of the agreement unfair and unreasonable.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 27, 2006.

*James D. Crowe*, for appellant.
*Cook, Noell, Tolley, Bates & Michael, M. Kim Michael*, for appellee.