S06F0676. CHUBBUCK v. LAKE.
(635 SE2d 764)

BENHAM, Justice.

Appellant Pamela Chubbuck (Wife) and appellee Thomas Richard Lake (Husband) executed a premarital agreement on July 9, 2001, married five days later, separated three months thereafter, and obtained a judgment and decree of divorce in July 2003 following a jury trial. The judgment incorporating the jury verdict awarded the marital home and its contents to Wife and required her to pay Husband $41,000. We granted Wife's application for discretionary review of the divorce judgment in accordance with this Court's Family Law Pilot Project pursuant to which this Court grants all non-frivolous applications seeking discretionary appeal from a final judgment and decree of divorce. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

Prior to trial, the trial court ruled the parties' premarital agreement was unenforceable because it did not meet the statutory requirement that it be witnessed by two persons, having been signed only by the parties and the notary public before whom they executed the document.[1] The trial court ruled the unenforceable agreement could not be introduced into evidence and the jury would be instructed there was no enforceable agreement. Over Wife's objection, the trial court permitted testimony concerning the existence and contents of the premarital agreement, with the understanding that it would not be referred to as a premarital agreement but as a document the parties had executed prior to their marriage. Pursuant to the ruling, Husband and Wife testified that the premarital document provided for Husband to receive a minimum of $41,000 should the parties divorce. No instruction was given the jury concerning the unenforceability of the document and when the jury inquired during deliberations whether the jury could use the parties' testimony about the written document's provision of $41,000 to Husband upon divorce, the trial court responded affirmatively.

---

[1] OCGA § 19-3-63 states that "[e]very marriage contract in writing, made in contemplation of marriage, . . . must be attested by at least two witnesses." The trial court's ruling that this statute applied to antenuptial agreements made in contemplation of divorce has not been made a subject of this appeal.

1. The main issue on appeal is whether the trial court erred when it allowed testimony concerning the contents of the premarital agreement that had been ruled void and unenforceable. We have been unable to find a case in which an antenuptial agreement made in contemplation of divorce has been ruled void and unenforceable for a reason other than failure to live up to the criteria set out by this Court in *Scherer v. Scherer*, 249 Ga. 635 (2) (292 SE2d 662) (1982). Where, using the *Scherer* factors, a trial court determines an antenuptial agreement is void and unenforceable, the agreement's terms are not incorporated into the final judgment and decree of divorce entered by the trial court (see *Alexander v. Alexander*, 279 Ga. 116 (610 SE2d 48) (2005)), and the contents of the agreement are not considered by the factfinder. Cf. *Corbett v. Corbett*, 280 Ga. 369, 370 (628 SE2d 585) (2006). Under the unusual circumstances of this case which limit this Court to review the effect of a legal ruling but not the merits of the legal ruling, we conclude that once the trial court determined the antenuptial agreement is void and unenforceable, the existence of the agreement and its contents were not to be considered by the factfinder. Id. Accordingly, the trial court erred when it permitted testimony concerning the contents of a premarital document the parties had executed, and the judgment must be reversed and the case remanded for a new trial.

2. Because appellant's remaining enumeration of error is one likely to recur on retrial, we address its merits. *Wilson v. Wilson*, 277 Ga. 801 (1) (596 SE2d 392) (2004).

Appellant also claims the trial court erred when it failed to give appellant's orally-requested charge on the elements of the crime of perjury. See OCGA § 16-10-70 (a). The basis for the request was appellee's trial testimony admitting he had lied while under oath in a pretrial deposition about his relationship with another woman. Instead of giving appellant's requested charge, the trial court instructed the jury on impeachment of witnesses. Assuming without deciding that the charge requested was apt, correct, and pertinent, it is not error to fail to give the requested charge if the charge given by the trial court sufficiently and substantially covered the principles of law. *Mortensen v. Fowler-Flemister Concrete*, 252 Ga. App. 395 (2) (555 SE2d 492) (2001). Since the trial court gave a thorough instruction on the law of impeachment, it was not error to decline to give the charge requested by appellant.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 2, 2006 —
RECONSIDERATION DENIED NOVEMBER 6, 2006.

*Morriss, Lober & Dobson, Bruce F. Morriss, Daniel Shim*, for appellant.

*Burton & Armstrong, Rosemary S. Armstrong*, for appellee.