S06G1657. KING et al. v. BROCK.
(646 SE2d 206)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Brock v. King*, 279 Ga. App. 335 (629 SE2d 829) (2006), to determine whether an award of nominal damages in a contract action is sufficient to confer "prevailing party" status under a contractual fee-shifting provision. We answer this inquiry in the affirmative.

Brock sued King and others for breach of contract in connection with a real estate development project.[1] The contract provided that the "prevailing party" in any litigation would be entitled to recover attorney fees and expenses. The jury found in defendants' favor and awarded them attorney fees and expenses of litigation. Brock appealed and the Court of Appeals reversed, in part, finding that a charge on nominal damages should have been included in the jury charge because, without it, the jury may have been misled into thinking that Brock must prove actual damages to prevail. *Brock* at 340 (3). On motion for reconsideration, the Court of Appeals went on to rule that a party who wins only nominal damages can still be deemed a "prevailing party." Thereupon, defendants sought, and we granted, certiorari.

In *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525 (543 SE2d 32) (2001), this Court held that if a party failed "to obtain any of the relief it sought," it could not be deemed the "prevailing party" under a contractual fee-shifting provision. Id. at 529. However, in that case, the plaintiff did not seek nominal damages. Thus, *Magnetic Resonance* sheds no light as to whether an award of nominal damages can confer "prevailing party" status.

*Savannah College of Art & Design v. Nulph*, 265 Ga. 662, 663 (460 SE2d 792) (1995), is more telling. In that case, we held that "a recovery of only nominal damages [is] sufficient to support [an award of] attorney[ ] fees under [OCGA § 13-6-11]." This holding lends support to the view that a nominal damages award confers "prevailing party" status. If nominal damages are sufficient to support an award of attorney fees pursuant to a statute, they should suffice to support an award of expenses under a contract.

Indeed, it defies logic to require a litigant to recover actual damages in order to be viewed as a "prevailing party." Nominal damages come into play when an injured party establishes a breach of contract, but is unable to prove actual damages.

[C]ase law makes clear nominal damages are awarded: (1) where no actual damage flows from the injury; or (2) where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty of proof as to their extent.

(Citations and punctuation omitted.) *MTW Investment Co. v. Alcovy Properties*, 273 Ga. App. 830, 832 (616 SE2d 166) (2005). This follows

---

[1] Brock also brought a fraud claim against defendants. The trial court directed a verdict for defendants on that claim.

the traditional view that, "since plaintiff has established a cause of action, plaintiff is also entitled to the costs of the action." *Corbin on Contracts*, § 55.10 (2005); OCGA § 13-6-6 (entitling injured party to "recover nominal damages sufficient to cover the costs of bringing the action").

Perhaps because nominal damages have long been viewed as a "peg to hang costs on," *Corbin*, supra, a majority of jurisdictions hold that a party who recovers nominal damages is entitled to attorney fees and expenses as a "prevailing party." *Dennis I. Spencer Contractor v. City of Aurora*, 884 P2d 326, 331 (Colo. 1994). See also *Village Park Comm. Assn. v. Nishimura*, 122 P3d 267, 282-283 (Haw. App. 2005); *Premier Capital v. Grossman*, 887 A2d 887, 892-893 (Conn. App. 2005); *Evans v. Werle*, 31 SW3d 489, 493 (Mo. App. 2000). The rationale for the majority view is that a party prevails and establishes a valid claim when it demonstrates that the other side is culpable, i.e., that it breached the contract, even if it cannot prove entitlement to actual damages. *Atlantic Richfield Co. v. Long Trusts*, 860 SW2d 439, 450 (Tex. App. 1993); *Brown v. Richards*, 840 P2d 143, 155 (Utah App. 1992).

Of course, parties are free to contract and to provide that an award of nominal damages does not confer "prevailing party" status. We only hold that in the absence of such a provision, a nominal damages award is sufficient to render an injured party the "prevailing party."

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Paul, Hastings, Janofsky & Walker, John G. Parker, William K. Whitner, Nathan L. Coppernoll, Roy E. Barnes*, for appellants.

*Jones, Jensen & Harris, Taylor W. Jones, Jenny E. Jensen, Richard E. Harris, Chilivis, Cochran, Larkins & Bever, John K. Larkins, Jr., David M. Stewart*, for appellee.