**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 25, 2024**

# In the Court of Appeals of Georgia

A24A0978. GEARY et al. v. ESTATE OF TAPLEY et al.

MCFADDEN, Presiding Judge.

James Tapley died after undergoing prostate surgery performed by Brian Geary. The plaintiff, Larose Tapley, individually and as the executor of her husband's estate, filed a medical malpractice action against Geary and his practice, Urology Specialists of Georgia, P. C. (together, "Geary"). The case was tried before a jury, which returned a verdict in favor of the plaintiff for $15 million. Geary appeals, arguing that the trial court erred in instructing the jury and that the verdict is excessive. We hold that Geary has not shown that the trial court erred in instructing the jury. We also hold

that Geary has not shown that the trial court abused her discretion in rejecting his challenge to the verdict. So we affirm.[1]

1. *Background*

Viewed in the light most favorable to the jury's verdict, see *Wal-mart Stores East v. Leverette*, 371 Ga. App. 543, 544 (901 SE2d 607) (2024), the evidence presented at trial showed that on the morning of November 16, 2016, James Tapley underwent prostate surgery, performed by Geary. During the surgery, Tapley's bladder was perforated, causing fluid to leak and his abdomen to swell. Because of Tapley's comorbidities, Geary chose to try to drain the fluid instead of taking steps to repair the perforation. Tapley was moved to the intensive care unit, and he died about 30 hours later.

The plaintiff filed this lawsuit, alleging that Geary was negligent for failing to perform a cystogram, an imaging procedure that would have revealed the size and nature of Tapley's bladder perforation, and for failing to repair the perforation. The case was tried before a jury, which returned a verdict in favor of the plaintiff for $15

---

[1] Oral argument was held in this case on May 8, 2024, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A24A0978 (May 8, 2024), available at https://vimeo.com/944693454.

million. The trial court entered judgment on the verdict, and denied Geary's motions for judgment notwithstanding the verdict, new trial, and remittitur. Geary then filed this appeal.

2. *Jury instructions*

(a) *Pain and suffering*

Geary enumerates that "[t]he trial court erred by refusing to instruct the jury regarding the role of consciousness in evaluating Tapley's pain and suffering, where Tapley was not responsive for most, if not all, of the period during and after Dr. Geary's alleged negligence." As detailed below, to the extent this claim of error refers to the instruction that Geary requested, we find no error because his requested instruction was not tailored to the law and facts of the case, and the charge that the trial court gave on pain and suffering was correct. To the extent that this claim of error refers to an instruction that Geary did not request, he has not shown the substantial error required by OCGA § 5-5-24 (c).

(i) *Requested instruction*

According to the parties' briefs,[2] Geary asked the trial court to instruct the jury that, "For pain and suffering to be awarded there must be some evidence that the deceased at some point in time was *conscious of his imminent death*. You may infer consciousness from the evidence following the injury." (Emphasis supplied.) The trial court did not give that requested charge, and Geary excepted after the court finished instructing the jury.

To the extent that this enumeration of error is related to the trial court's refusal to give the charge actually requested, the enumeration fails because that charge was not applicable to the facts presented to the jury. "In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law, and evidence; and not otherwise covered in the general charge." *Coile v. Gamble*, 270 Ga. 521, 522 (2) (510 SE2d 828) (1999). The requested charge is based on case law that involved a claim for damages for a person's pain and suffering experienced prior to instantaneous or near instantaneous death. We have held that "[f]or pre-impact

---

[2] The parties' written requests to charge were not filed with the court, and the appellate record does not contain a copy of the charge at issue (or any other charge requested by either party). But it appears from transcripts in the record that Geary prepared a written request for this charge. And in their briefs the parties agree that the requested charge was as described.

pain and suffering to be awarded, the jury must have some evidence that the deceased at some point in time was conscious of her imminent death." *Cannon v. Barnes*, 357 Ga. App. 228, 229 (1) (850 SE2d 436) (2020). But Geary has not cited and we are not aware of any authority for the proposition that consciousness of imminent death is a prerequisite to an award of damages for pain and suffering in any other type of case. See, e.g., *Beam v. Kingsley*, 255 Ga. App. 715, 716-717 (1) (566 SE2d 437) (2002) (evidence that decedent was aware of impending collision, swerving to avoid it, and suffered physical injuries supported award for pain and suffering damages even though death occurred within two minutes of collision); *Grant v. Ga. Pacific Corp.*, 239 Ga. App. 748, 751 (1) (521 SE2d 868) (1999) ("Where . . . the medical evidence is that death was instantaneous, and there is no evidence the decedent exhibited consciousness of pain, recovery for the decedent's pain and suffering is not permitted."); *Monk v. Dial*, 212 Ga. App. 362 (1) (441 SE2d 857) (1994) (physical precedent only) (because his vehicle veered before fatal collision, jury could infer decedent was aware of impending crash that caused instantaneous death).

Geary has not cited any case in which such a charge was given when the decedent lived for more than 30 hours after the alleged negligence. Geary's

5

"requested charge [was] not tailored to the law and facts. Therefore, because the requested charge was a statement of the law that did not apply to the evidence at trial, the trial court's refusal to give the charge was not error." *Lee v. Swain*, 291 Ga. 799, 801 (2) (b) (733 SE2d 726) (2012).

The court did not err by failing to give the requested charge for another reason: she gave a correct charge on pain and suffering damages. The trial court instructed the jury that

> [p]ain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is a physical — physical suffering also. In evaluating Mr. Tapley's pain and suffering, you may consider the following factors, if proven: 1) Interference with normal living. 2) Interference with the enjoyment of life. 3) Loss in capacity to work and labor, separate from earnings. 4) Impairment of bodily health and vigor. 5) Fear of extent of injury. 6) Actual physical pain and suffering. 7) Mental anguish, such as anxiety, shock, or worry. 8) And the extent to which Plaintiff must limit activities. Questions of whether and how much and how long James Tapley suffered are for you to decide. The rule for your use, members of the Jury, in considering physical and mental pain and suffering, is your enlightened consciences as upright and impartial Jurors acting under the sanctity of your oath.

See Georgia Suggested Pattern Jury Instructions - Civil 66.501 (5th edition). "The trial court's charge in the case sub judice substantially tracked the pattern charge on . . . pain and suffering, and was a correct statement of the law." *Food Lion v. Williams*, 219 Ga. App. 352, 355-356 (3) (464 SE2d 913) (1995). Even when a requested charge is

> apt, correct, and pertinent, it is not error to fail to give the requested charge if the charge given by the trial court sufficiently and substantially covered the principles of law. Since the trial court gave a thorough instruction on the law of [pain and suffering damages], it was not error to decline to give the charge requested by appellant.

*Chubbuck v. Lake*, 281 Ga. 218, 219 (2) (635 SE2d 764) (2006).

(ii) *Unrequested instruction*

To the extent that Geary's enumeration of error concerns a broader concept than that encompassed in the charge he actually requested, we also find no reversible error. Geary argues that a plaintiff may not recover damages for pain and suffering where there is no evidence that the decedent was conscious and thus able to experience pain. And, he argues, there was some evidence that Tapley remained unconscious after the procedure until his death. So, according to Geary, the trial court

7

was required to charge the jury regarding the role of consciousness in evaluating Tapley's pain and suffering.

Geary has not shown that he requested such a charge, and he failed to argue this point when he objected after the trial court had charged the jury. Specifically, he argued:

> [W]e also except to the failure on the part of the Court to charge — I think it was Supplemental Request Number 26, regarding conscious pain and suffering. We requested the Court give a charge on conscious pain and suffering and that there has to be evidence of consciousness and imminent fear of death, and that was not given and we believe that was an error under the circumstances of this case.

Although he mentioned "there has to be evidence of consciousness," he made that statement in the context of the court's failure to give the charge he actually requested, not as a distinct, independent ground of objection to the charge. See OCGA § 5-5-24 (a) ("[I]n all civil cases, no party may complain of . . . the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, *stating distinctly the matter to which he objects and the grounds of his objection*.") (empahsis supplied).

So we review the trial court's instructions to determine whether the court made "a substantial error . . . which was harmful as a matter of law. . . ." OCGA § 5-5-24 (c).

Whether or not a charge was requested, a trial court has a duty

to give the jury appropriate instructions on every substantial and vital issue presented by the evidence, and on every theory of the case. Nevertheless, a party in a civil case generally must present written requests for jury instructions and complain of the giving or failure to give an instruction before the jury returns its verdict in order to preserve the issue for appeal.

*Zambetti v. Cheeley Investments*, 343 Ga. App. 637, 641 (1) (a) (808 SE2d 41) (2017) (citations and punctuation omitted). See also *Addison v. Reece*, 263 Ga. 631, 633 (4) (436 SE2d 663) (1993); *Tucker Nursing Center v. Mosby*, 303 Ga. App. 80, 87 (5) (692 SE2d 727) (2010). But given the trial court's pattern instruction on pain and suffering, the court's failure to sua sponte instruct the jury as Geary argues she should have, is not so "substantial[ly] or necessarily harmful as to warrant review when no exception was taken." *Coe v. Coe*, 285 Ga. 863, 865 (2) (684 SE2d 598) (2009) (citations omitted).

(b) *Preexisting condition*

Geary argues that the trial court erred in charging the jury on the aggravation of preexisting conditions because the evidence did not support such a charge. We disagree.

Referring to Tapley as the plaintiff, the trial court instructed the jury that

if you find the Plaintiff already had an injury or preexisting condition prior to the time of the malpractice alleged, but that the malpractice exacerbated the condition, or made it more long lasting, then the Plaintiff is entitled to recover damages to the extent that the condition was worsened or prolonged. Defendant takes the Plaintiff as he finds him, and the fact that the Plaintiff already had a preexisting condition and may have been more vulnerable or susceptible to injury does not relieve the Defendant from liability for any aggravation of that condition.

Geary excepted to this charge on the ground that the case did not involve a preexisting condition that was worsened by the alleged malpractice.

As detailed above, the plaintiff alleged negligence, not for Geary's perforating Tapley's bladder, but for his failing to perform a cystogram that would have revealed the size and nature of the perforation and for his failing to repair the perforation. The plaintiff presented evidence to support those allegations. So the charge that the plaintiff could recover damages to the extent that Geary's alleged malpractice, in

failing to perform a cystogram and in failing to repair the perforation, worsened Tapley's preexisting condition, the bladder perforation, was apt. See *Lawhorne v. Douglas*, 371 Ga. App. 849, 853 (2) (903 SE2d 316) (2024) ("[r]egardless of the trial court's reason for giving [an] instruction, we affirm under the right for any reason rule").

The portion of the charge instructing the jury that Geary took Tapley as he found him also was apt. The evidence presented at trial showed that Tapley had congestive heart failure, severe emphysema, severe heart disease, and chronic pulmonary obstructive disease. He was 80 years old, had a pacemaker, and was a long-time smoker.

> [I]t has long been the rule that a tortfeasor takes a plaintiff in whatever condition he finds him. A negligent actor must bear the risk that his liability will be increased by reason of the actual physical condition of the other toward whom his act is negligent. Since a charge may be given when there is slight evidence to sustain it, and here evidence was presented of [Tapley's] preexisting conditions, we find no error in the charge as given.

11

*AT Systems Southeast v. Carnes*, 272 Ga. App. 671, 674 (3) (b) (613 SE2d 150) (2005) (citation and punctuation omitted). See also *Cowart v. Widener*, 287 Ga. 622, 628 (2) (b) (697 SE2d 779) (2010) ("tortfeasors take their victims as they find them").

2. *Verdict*

Geary argues that the verdict was excessive. Specifically, he argues that the jury's $2.5 million award for pain and suffering was not grounded in the evidence, which showed that Tapley was unresponsive during the time between Geary's alleged negligence and Tapley's death, and that the jury's $12.5 million award for wrongful death was not grounded in the evidence, given that Tapley was 80 years old and had significant health problems at the time of his death. He also argues that the jury was motivated by improper factors to award this amount. We hold that the trial court did not abuse her discretion in rejecting these arguments.

OCGA § 51-12-12 (a) provides: "The question of damages is ordinarily one for the jury; and the court should not interfere with the jury's verdict unless the damages awarded by the jury are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case." The statute sets forth the standard

that the trial court applies when reviewing a jury's award of damages. *Rockdale Hosp. v. Evans*, 306 Ga. 847, 850-851 (2) (a) (834 SE2d 77) (2019).

"[A]n excessive . . . verdict is a mistake of fact . . . and addresses itself to the discretion of the trial judge, who, like the jury, saw the witnesses and heard the testimony." *Rockdale Hospital*, 306 Ga. at 851 (2) (a) (citation and punctuation omitted). The trial court determines whether an award is "within the range authorized by a preponderance of the evidence," and the court's "approval of the verdict creates a presumption of correctness which is not to be disturbed absent compelling evidence." Id. (citation and punctuation omitted).

"[T]he threshold for an appellate court to set aside a jury verdict approved by the trial court under OCGA § 51-12-12 (a) is extremely high." *Rockdale Hospital*, 306 Ga. at 852 (2) (b) (citation and punctuation omitted). We may not

> substitute [our] judgment for that of the trial court on the fact-based question of whether the damages awarded were within the range authorized by a preponderance of the evidence; [we] instead [must] limit[ our] review to whether the trial court, who saw the witnesses and heard the testimony, abused its discretion in denying the motion for a new trial.

Id. An abuse of discretion occurs:

> (1) where the trial court failed to exercise its discretion in reviewing the award; (2) where the trial court's exercise of its discretion was infected by a significant legal error or a clear error as to a material factual finding; or (3) where the verdict was so excessive or inadequate as to be irrational and thus the apparent result of jury bias, prejudice, or corruption.

*Evans v. Rockdale Hosp.*, 355 Ga. App. 33, 36 (1) (841 SE2d 449) (2020) (citation and punctuation omitted). See *Rockdale Hosp.*, 306 Ga. at 851-852 (2) (b).

Applying this framework to the case before us, we hold that the trial court did not abuse her discretion in any one of these three ways. "First, it is clear from the trial court's order that the court exercised its discretion in reviewing the verdict. . . . Second, the trial court's exercise of its discretion was not infected by . . . a clear error as to a material factual finding[,]" *Evans*, 355 Ga. App. at 37 (1) (citation and punctuation omitted), or a significant legal error, because the order demonstrates that the court applied the correct legal principles.

Geary essentially argues that the verdict falls into the third category: that it "was so excessive . . . as to be irrational and thus the apparent result of jury bias, prejudice, or corruption." *Evans*, 355 Ga. App. at 36 (1) (citation and punctuation

omitted). He argues that the verdict was the result of sympathy for Tapley's family, plaintiff's counsel's improper reference in closing argument to the salaries of professional athletes and chief executive officers, and counsel's implied invitation to punish Geary for contesting his liability.

As far as Geary basing his argument on statements in the plaintiff's closing argument, we note that he fails to show that he objected. "[T]o the extent we can consider the unobjected-to argument[s] by [plaintiff's] counsel — an issue we do not today decide — we conclude that [they] do[ ] not rise to the level of showing that the jury's verdict, in light of the totality of the evidence presented at trial, was the product of bias, prejudice, or mistake." *Wal-mart*, 371 Ga. App. at 557 (2) (2024). And we do not find that the verdict was so excessive as to be irrational or, put another way, "as to shock the conscience." *Rockdale Hosp.*, 306 Ga. 852 (2) (b).

Thus we hold that the trial court did not abuse her discretion in denying Geary's motions challenging the amount of the verdict.

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*