### Owen et al. v. Groves et al.

BECK, J. 1. The "striking of the traverse to an entry of service" of a summons or writ can not properly be made a ground of a motion for a new trial; but direct exception should be taken to such a ruling, either in the main bill of exceptions or in a pendente-lite bill of exceptions, upon which error could be assigned in the main bill of exceptions.

2. The caveat to the probate of the will in this case contained, among

others, a ground setting up the contention that the testatrix was wanting in testamentary capacity; and counsel for caveators offered to prove that a brother of the testatrix "became insane before he died, according to general repute in the family and the family's friends, that this brother died in a distant State, but information had been conveyed to the family connection (and such information had become general repute) that the brother was insane at the time of his death, and really came to his death by his own acts." This evidence was hearsay, and was properly repelled upon the objection made.

3. Whether or not the disposition of her property by a testatrix in her will was a reasonable one was not a proper subject of opinion evidence.

4. The court overruled the objection to the admission in evidence of the will offered for probate, the objection being that it had not been properly proved, in that "each of the witnesses testified that they never saw any sheet of this paper and couldn't recognize any sheets of this paper except the one upon which their signature appears, because it appears that at the time it was executed it was a part of a pencil tablet, not detached from the tablet, and the witnesses never saw any sheet of it, and never knew anything about any sheet of it, except the one on which their signature appears, because it was not proven by any witness that the first three sheets of this paper is any part of the will, or the paper which was witnessed by these witnesses and executed in their presence, and because there appears upon the face of the sheets changes and erasures which are unexplained by any witness." The recital of facts as the basis of a motion for a new trial is not proof in itself of the existence of those facts, in the absence of a distinct and direct allegation that the facts enumerated actually existed. Besides, the due execution of the will being made to appear by the attesting witnesses, the fact that the will was written upon several pages of a tablet, and the further fact that the witnesses did not see the pages other than that upon which the testatrix wrote her signature, would not be ground for refusing probate of the will. *Jones* v. *Habersham,* 63 *Ga.* 146 (4).

5. It was not competent for a witness to give his opinion as to the state of the testatrix's mind towards a named individual.

6. The court properly excluded a letter written to the testatrix in response to a letter of inquiry from her to the writer of the letter, offered in evidence, stating the condition of the mind of the brother of the testatrix at the time of his death and the cause of his death. Such evidence was hearsay.

7. The evidence alleged to be newly discovered was not of such character as to require the grant of a new trial.

8. The grounds of the motion not specifically dealt with are without merit.                    *Judgment affirmed. All the Justices concur.*
                    MAY 18, 1916.

Probate of will. Before Judge George. Dooly superior court. July 13, 1915.

*Powell & Lumsden* and *J. T. Hill,* for plaintiffs in error.