S08A0290. HONEYCUTT v. HONEYCUTT.
(663 SE2d 232)

HINES, Justice.

Heber Joseph Honeycutt, Jr. ("Heber") appeals the order of the Superior Court of Bibb County issuing a declaratory judgment that a will was republished by a codicil and that a portion of a prior order of the Probate Court of Wilkinson County was null and void. For the reasons that follow, we affirm.

Heber Joseph Honeycutt, Sr. ("the testator") executed a will on October 18, 1988, by which, after providing that his debts and funeral expenses were to be paid, he devised the remainder of his estate to his then wife, Sarah Elizabeth Honeycutt ("Sarah"), provided she survive him;[1] it also named her as executrix. On June 5, 1995, the testator and Sarah were divorced. On February 12, 2003, the testator executed a codicil to his will, setting forth that each of his surviving children would receive $500.[2] The codicil also provided that the will otherwise "shall remain in full force and effect." The testator died on January 9, 2006.

Sarah filed a petition to probate the will and codicil in solemn form in the Probate Court of Wilkinson County. Heber filed a caveat, contending, inter alia, that the 1995 divorce revoked all provisions for Sarah in the 1988 will and that the codicil did not revive such provisions. The probate court agreed and issued a ruling to that effect, and concluded that Sarah was to be treated as though she had

---

[1] In the event she did not survive him, his estate was to be divided equally among his surviving children.

[2] Three children survived the testator: Heber, Anita B. Honeycutt, and Judy Lawrence.

predeceased the testator under OCGA § 53-4-49,[3] and thus, under the will's residuary clause, the estate was to be divided equally among the testator's surviving children.

Sarah thereafter filed a complaint for declaratory judgment in the Superior Court of Bibb County,[4] asserting that the Wilkinson County Probate Court's ruling on the meaning and effect of the will and codicil were null and void, and that the codicil republished the will of October 18, 1988. The superior court ruled that, while the probate court had jurisdiction to admit the will and codicil to probate, it did not have jurisdiction to construe the legal effect of the will and codicil, the portion of its order so doing was null and void, and the codicil republished the 1988 will.

1. The superior court properly ruled that a portion of the probate court's order was null and void. The probate court's order recites that "it is the conclusion of the Court that the Codicil only amended the 1988 Will and did not republish the Will. As such, the provisions of the codicil [sic] were not sufficient to revive the provisions for Petitioner in the 1988 Will." The probate court also stated that the 1995 divorce "revoked all provisions for Petitioner in the October 18, 1988 Will including the provision appointing Petitioner as Executor of the Will," and concluded that Sarah must be treated as predeceasing the testator. However, these findings were beyond the probate court's purview.

> "Where the executors are propounding an alleged will for proof in solemn form, the issue, and the only issue, is devisavit vel non," — whether the paper propounded is, or is not, the last will and testament of the deceased. . . .
> "Where a will was properly executed by a person having testamentary capacity, the court should order it to probate and record, leaving all questions of construction and the fate of . . . particular bequests for action of the parties or future direction in the proper court. . . ." Generally, when a will is offered for probate . . . , there are only three matters

---

[3] OCGA § 53-4-49 reads:
All provisions of a will made prior to a testator's final divorce or the annulment of the testator's marriage in which no provision is made in contemplation of such event shall take effect as if the former spouse had predeceased the testator, and the provisions of Code Section 53-4-64 shall not apply with respect to the descendants of the former spouse who are not also descendants of the testator. If the testator remarries the former spouse and the testator has not revoked or amended the will that was made prior to the divorce or annulment, the remarriage shall not result in the revocation of the will and the provisions of the will that were revoked solely due to the application of this Code section shall be revived.

[4] One of the testator's surviving children was a resident of Bibb County. See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI.

for consideration: (1) the legal execution of the will; (2) the testamentary capacity of the testator; and (3) the presence or absence of undue influence, fraud, or mistake in the execution of the will. The construction of an item of the will and the question of the validity thereof is for some other forum. The probate of a will is merely conclusive of the factum of the will. [Cits.]

*Cross v. Stokes*, 275 Ga. 872, 874 (1) (572 SE2d 538) (2002). Thus, the portion of the probate court's order that was outside its jurisdiction was null and void. Id.

Nonetheless, Heber contends that the superior court's order on the complaint for declaratory judgment was erroneously issued, asserting that the proper avenue for Sarah to challenge the probate court's order was to have appealed it under OCGA § 5-3-2 (a).[5] However, this Court has previously stated that when a probate court's order extends beyond that court's jurisdiction so as to render a portion of the order null and void, a litigant is not required to appeal the void portion of the probate court's order before filing a proper petition for declaratory judgment. *Cross*, supra. The superior court correctly ruled that the order of the probate court was null and void as to any question regarding the legal effect of the codicil.[6]

2. The codicil read, inter alia:

1. I H J Honeycutt being of sound mind and body and free will, and having full testamentary in-tent [sic] and capacity, do hereby make, publish and execute this document as a codicil to my LAST WILL and TESTAMENT which Was [sic] made on the 18th day of October, 1988.
2. I hereby amend and modify the provisions of my LAST WILL and TESTAMENT Identified [sic] above as follows; To my surviving children, I leave each $500.00.
3. Except as expressly modified by this codicil, all remaining terms and provisions of my LAST WILL and TESTAMENT identified above shall remain in full force and effect. . . .

Heber argues that the codicil's failure to use words such as "republish," "revive," or "reaffirm" shows that the testator did not intend to republish the October 18, 1988 will. But, the recitation of such specific words is not required to republish a will.

---

[5] OCGA § 5-3-2 (a) reads:
An appeal shall lie to the superior court from any decision made by the probate court, except an order appointing a temporary administrator.

[6] It is undisputed that the Probate Court of Wilkinson County is not one empowered to issue declaratory judgments in such matters. See OCGA §§ 15-9-120 (2) and 15-9-127.

If a paper purporting on its face to be a codicil to an existing will which the testator had previously signed, refers to the will by date, and also, by mentioning certain of its provisions, unequivocally identifies it as the instrument to which the paper in question is intended as a codicil, it will be presumed that the testator, at the time of executing the codicil, knew the contents of the original will, and the due execution of the codicil, under such circumstances, will amount to a republication of the will, although the codicil is not actually attached to the will itself.

*Pope v. Pope*, 95 Ga. 87 (1) (22 SE 245) (1894). "The annexation need not be physical, provided the language of the codicil is sufficiently clear to identify the will referred to. [Cits.]" Id. at 93. The codicil unequivocally identified the will of October 18, 1988, and stated that all terms and provisions of it were to remain in force, save for the additional bequests to the testator's children. The republication of the will "speaks from the date of the codicil." *Citizens & Southern Nat. Bank v. Martin*, 244 Ga. 522, 525 (1) (260 SE2d 901) (1979). Accordingly, the 1995 divorce had no effect on the testator's act of naming Sarah as a legatee in the 2003 codicil.

3. Heber also asserts that the superior court erred in rendering its declaratory judgment because questions of fact remained for a jury's consideration. However, the factual determinations regarding the will's execution were made by the probate court, a matter within its jurisdiction, *Cross*, supra, and the construction of a will is a question of law for the proper trial court. *Bennett v. Young*, 270 Ga. 422 (1) (510 SE2d 521) (1999). Although Heber urges that a factual question remained as to the testator's intent in executing the codicil, the primary guide in determining the intent of a testator is the four corners of the will. *Legare v. Legare*, 268 Ga. 474, 475 (490 SE2d 369) (1997). The codicil made plain that the 1988 will devising the testator's estate to Sarah was to be given effect.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Bush, Crowley, Leverett & Leggett, John A. Ramay, Jr.*, for appellant.
*Gerald S. Mullis*, for appellee.