S10F0372. MICHEL v. MICHEL.
(692 SE2d 381)

CARLEY, Presiding Justice.
Nelbert Michel (Husband) and Heather Michel (Wife) were

married from September 1995 until February 2002, when they divorced. They remarried approximately seven months later, in September 2002, and divorced again in June 2009. In the 2009 divorce action, Wife sought a portion of Husband's military retirement benefits, based on his service in the United States Army since 1993. The trial court denied the request, finding in the final divorce decree

> that the marriage of the parties was from September 12, 2002, until the present. Pursuant to [10] USCA Section 1408 (d) (2) the Court lacks the ability to award an equitable division of the retirement benefits. The marriage is not ten years or more and there can be no award. Federal Law preempts State Law on this issue. Therefore, the Court denies [Wife] an interest in the military retirement account.

Wife applied for discretionary appeal, and this Court granted the application pursuant to the Pilot Project in domestic relations cases. Wife filed a timely notice of appeal. On the same day, she filed a motion to supplement the appellate record with a letter that the trial court had sent to the parties directing Husband to prepare a proposed final decree. The case was docketed in this court on November 6, 2009, and a week later the trial court denied the motion to supplement the record.

1. Wife contends that the trial court erred in ruling that, pursuant to 10 USC § 1408 (d) (2), it had no authority to award her a portion of Husband's military retirement benefits. That code section is part of the Uniformed Services Former Spouses' Protection Act, which Congress passed in direct response to *McCarty v. McCarty*, 453 U. S. 210 (101 SC 2728, 69 LE2d 589) (1981), in which the Supreme Court of the United States held that federal statutes governing military retirement pay prevented state courts from treating such pay as marital property that is divisible upon divorce. *Mansell v. Mansell*, 490 U. S. 581, 584 (I) (A) (109 SC 2023, 104 LE2d 675) (1989). "It is clear from both the language of the Former Spouses' Protection Act, [cit.], and its legislative history, [cits.], that Congress sought to change the legal landscape created by the *McCarty* decision." *Mansell v. Mansell*, supra at 587 (II). Therefore, contrary to *McCarty*, the Former Spouses' Protection Act affirmatively grants state courts the power to treat military retirement benefits as marital property that is subject to equitable division upon a divorce. 10 USC § 1408 (c) (1); *Mansell v. Mansell*, supra at 584 (I) (A), 588 (II); *Adkins v. Rumsfeld*, 464 F3d 456, 460 (4th Cir. 2006). See also *Holler v. Holler*, 257 Ga. 27 (354 SE2d 140) (1987). The grant of such authority is consistent with the general rule that "[t]he division of spousal property upon divorce is usually a

question of state law." *Adkins v. Rumsfeld*, supra at 461 (I) (A). See also *Hipps v. Hipps*, 278 Ga. 49, 51 (2) (597 SE2d 359) (2004) (state law rather than federal law controls the area of domestic relations).

In addition to clearly authorizing the equitable division of military retirement benefits, the Former Spouse's Protection Act

> also creates a payments mechanism under which the Federal Government will make direct payments to a former spouse who presents, to the Secretary of the relevant military service, a state-court order granting her a portion of the military retiree's disposable retired or retainer pay. This direct payments mechanism is limited in two ways. § 1408 (d). First, only a former spouse who was married to a military member "for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired or retainer pay," § 1408 (d) (2), is eligible to receive direct . . . payments. Second, the Federal Government will not make . . . payments that exceed 50 percent of disposable retired or retainer pay. § 1408 (e) (1).

*Mansell v. Mansell*, supra at 585 (I) (A).

In this case, it is apparent that the trial court erred in finding that the ten-year requirement set forth in § 1408 (d) (2) prevented it from awarding a portion of the military retirement benefit to Wife. As explained above, that requirement is simply a limitation on the direct payment mechanism of the Act. However, it has no bearing on a state court's authority to treat military retirement benefits as marital property subject to equitable division, even when a marriage lasted less than ten years.

> [Congress] limited the federal direct payments mechanism to marriages that had lasted 10 years or more. [Cit.] [However], state courts [still] have been granted the authority to award a portion of disposable military retired pay to former spouses who were married to the military member for less than 10 years, but such former spouses may not take advantage of the direct payments mechanism.

*Mansell v. Mansell*, supra at 591 (II), n. 13.

Because the trial court here erred as a matter of law in determining that it lacked the authority to make an equitable division of the military retirement benefits, the judgment must be reversed and the case remanded for further proceedings consistent with this opinion. We note that on remand, "[t]he trial court has a

broad discretion to make an equitable division of retirement accounts upon consideration of all the relevant evidence. [Cit.]" *Taylor v. Taylor*, 283 Ga. 63, 64 (1) (656 SE2d 828) (2008).

2. Wife claims that the trial court erred in denying her motion under OCGA § 5-6-41 (f) to supplement the appellate record with the letter from the trial court directing Husband to draft a proposed decree. However,

> "[i]t cannot be said that anything material to [Wife] has been omitted from the record on appeal." [Cit.] Moreover, the discretion granted the trial court by OCGA § 5-6-41 (f) vests it with "a necessary control over the designation and transmittal of both record and transcript." [Cits.] The court's decision in such matters will not be reversed absent a manifest abuse of discretion, which does not appear [in this case]. [Cit.]

*Washburn v. Sardi's Restaurants*, 191 Ga. App. 307, 311 (7) (381 SE2d 750) (1989).

*Judgment reversed and case remanded with direction. All the Justices concur.*

### DECIDED MARCH 29, 2010.

*Bentley, Bentley & Bentley, Robert R. Bentley, Jamie S. Wingler*, for appellant.

*Bray & Johnson, Roger M. Johnson, Jennifer S. Gill*, for appellee.