### S10A0757. SWAIN v. LEE.
(700 SE2d 541)

MELTON, Justice

On July 23, 2007, Lydia Swain, the Goddaughter of decedent Elouise Harley Collins, filed a petition to probate certain documents that she alleged constituted Collins' Will. On August 3, 2007, Bobby Eugene Lee, Collins' cousin and temporary Administrator of her estate, filed a caveat to probate on the grounds that the documents presented by Swain did not create a valid Will as a matter of law. On that same day, Betty Scott, Alvenia Turner, and Marie McIntosh, who claimed to be additional cousins of the deceased, filed a caveat to

probate, challenging the Will on essentially the same grounds as those set out by Lee.[1] The probate court found that the documents presented by Swain lacked the requisites of a Will or a codicil under Georgia law, and found that Collins died intestate. Swain appealed the ruling to the Superior Court of Glynn County, and Lee filed a motion for judgment on the pleadings in the superior court. The superior court granted Lee's motion for judgment on the pleadings, prompting Swain to appeal. As explained more fully below, because the record reveals that Swain presented a potentially viable claim that the documents she presented for probate could be read together to create a valid will, the trial court erred in granting Lee's motion for judgment on the pleadings. Accordingly, we reverse.

"A judgment on the pleadings may be granted to the appellee in an appeal from the [probate court to the superior court] where the record transmitted to the superior court shows that some essential element of the appellant's case is lacking and incapable of proof." *Dukes v. Joyner*, 234 Ga. 526, 527 (1) (216 SE2d 822) (1975).

Here, the record that was before the superior court reveals that Collins had written an unwitnessed letter dated June 10, 1999, in which she stated, among other things, that Swain was to have "everything that's in my name." On April 12, 2005, Collins filled in a blank on a form "Last Will and Testament" naming Swain as the executrix of her estate. Although Collins signed this form before three witnesses, the remaining pages on this will form were left blank, with no disposition of any property being referenced on the form.

In her petition to probate, Swain specifically contended: "Attached to the last Will and Testament of [Collins], dated April 12, 2005, is a memorandum of instruction written by Collins dated June 10, 1999, *which is to accompany and be an exhibit to* the Last Will and Testament" (emphasis supplied). Furthermore, Swain specifically argued to the probate court that Collins kept both the 1999 letter and the 2005 will form together in one envelope, and that Collins took both of these documents from this envelope and presented them to the witnesses who signed the 2005 will form at the time that they signed it.

Although Collins' unwitnessed 1999 letter and the partially executed 2005 will form, by themselves, could not create valid wills (see OCGA §§ 53-4-20 (b) (will must be attested and subscribed in presence of two witnesses) and 53-4-3 (will must convey an interest accruing at death)), and the 2005 document does not expressly refer

---

[1] For ease of reference, all of the caveators will hereinafter collectively be referred to as "Lee."

to the 1999 letter such that it could revive or republish the 1999 letter as a valid will (see *Honeycutt v. Honeycutt*, 284 Ga. 42 (2) (663 SE2d 232) (2008)), this does not end our inquiry. Indeed, "[t]o determine whether an instrument is a will, the test is the intention of the maker to be gathered from *the whole instrument, read in light of the surrounding circumstances.*" (Emphasis supplied.) OCGA § 53-4-3. In this regard, a will need not "be written on one continuous sheet of paper, [nor need the separate papers that constitute a will] necessarily be tied and fastened together with tape and a waxen or other seal." *Jones v. Habersham*, 63 Ga. 146, 157 (1879). Indeed, "there is no known rule as to any precise manner in which [the will] papers shall be bound or attached together, or requiring a will to be written all on one sheet." Id.

> The will with which the law deals is to be sought for and to be found in the mind and intention of the testatrix. The writing is but the evidence of that intention. It is to the oneness, sufficiency and completeness of the testamentary intent and scheme as expressed and evidenced by the writing, that the law looks. It is not the writing that makes the will legal and binding, but the testamentary intent crystallized and expressed in the writing. . . . [While i]t is best for convenience, of course, and controversy is less liable to arise, if the document is neatly, properly and securely fastened together before the testator and the witnesses sign it[,] it is by no means essential, and to require it would be to upset a very large percentage of wills now held to be of force in this state.

Id. at 156-157.

Here, when the relevant documents, and the manner in which Swain claims that they were presented, are considered together, a valid will could have been created. Specifically, Swain contended in her petition to probate that Collins presented the 1999 letter and the 2005 will form as one, integrated will for the attesting witnesses to sign. In this connection, the documents could be read together to show Collins' intent to bequeath to Swain everything that was in her name and to appoint Swain as the executrix of her estate. Under such circumstances, an issue of fact has been created as to the potential validity of the will, and a judgment on the pleadings was inappropriate. See, e.g., *Ellis v. O'Neal*, 175 Ga. 652, 655 (165 SE 751) (1932) (issues of fact existed as to whether the papers propounded were the same papers as were attested by the witnesses, and "[t]he fact that [the will] was written on seven pages of different color, and with a different pen or different ink of seven different

colors, [made] no difference, [as long as] the testator [had] made and signed the will''); *Owen v. Groves*, 145 Ga. 287, 288 (88 SE 964) (1916) (''[T]he due execution of the will being made to appear by the attesting witnesses, the fact that the will was written upon several pages of a tablet, and the further fact that the witnesses did not see the pages other than that upon which the testatrix wrote her signature, would not be ground for refusing probate of the will'') (citation omitted). Accordingly, we must reverse the superior court's ruling.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

Lydia L. Swain, *pro se.*
*Catts & Brooks, Austin E. Catts, Todd C. Brooks, Bolin & West, Claudia J. Bolin, Autumn L. West,* for appellee.