S12A0992. LEE v. SWAIN.
S12A0993. SCOTT et al. v. SWAIN.
(733 SE2d 726)

HUNSTEIN, Chief Justice.

Eloise Collins died on December 10, 2006. In July 2007, Lydia Swain, Collins' goddaughter, filed a petition to probate two instruments alleged to be Collins' will: an unwitnessed letter written in 1999 detailing how Collins wanted her property distributed after her death and a partially filled-out commercial will form that, while properly witnessed, did not address distribution of property. A number of Collins' first cousins (collectively, Lee) challenged the will, and the trial court initially granted judgment on the pleadings in their favor, finding that the two documents could not form a valid will. Swain appealed, and this Court held that there was a genuine issue of material fact as to whether the two documents, considered together, created a valid will. *Swain v. Lee*, 287 Ga. 825 (700 SE2d 541) (2010) ("*Swain I*"). On remand, a jury found that the two instruments were indeed "the true Last Will and Testament of Eloise Harley Collins." Lee brought this appeal, claiming that the trial court erred by failing to grant summary judgment or a directed verdict, improperly instructing the jury on the law regarding codicils, and refusing to include a number of requested instructions in its charge to the jury. We disagree and affirm the trial court's verdict in favor of Swain.

1. In *Swain I*, this Court properly acknowledged that the testamentary intent is the most relevant question in this case and that intent "is to be gathered from *the whole instrument, read in light of the surrounding circumstances.*" Id. at 827 (emphasis in original) (citing OCGA § 53-4-3). We concluded that "Swain presented a potentially viable claim that the documents she presented for probate could be read together to create a valid will." Id. at 826. Under the circumstances, we held the validity of the will was a question of fact and that judgment on the pleadings was inappropriate. Id. at 827.

The matter was tried, and the jury found that the two instruments were indeed Collins' will. Nevertheless, Lee now appeals the denial of his motion for summary judgment, as well as his motion for directed verdict. Once a case has been submitted to the jury and a

judgment rendered on its verdict, the issue of denial of summary judgment becomes moot. *Kicklighter v. Woodward,* 267 Ga. 157 (5) (476 SE2d 248) (1996).

We must affirm the denial of a directed verdict if there is any evidence to support the jury's verdict, and in conducting this analysis we must construe the evidence in the light most favorable to the party who prevailed in the court below. *Patterson-Fowlkes v. Chancey,* 291 Ga. 601 (732 SE2d 252) (2012). In this case, the trial testimony given by Swain and the attesting witnesses, viewed in the light most favorable to Swain, supported the finding both that Collins intended the two documents together to express her desired dispository scheme and that the two documents were presented together for attestation. Accordingly, the evidence supported the jury's finding that the two documents together did in fact create a valid will. Lee's motion for directed verdict was thus properly denied.

2. Lee next complains that the trial court erred when it charged the jury on the law related to codicils because there was no evidence of a codicil at trial. As such, Lee asserts that the charge was misleading. Further, Lee claims that it was error for the trial court to refuse to give certain of his requested charges.

(a) "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge[s] contained error." *Sullivan v. Sullivan,* 273 Ga. 130, 132 (2) (539 SE2d 120) (2000) (citation and punctuation omitted). If the charge as a whole substantially covered the issues to be decided by the jury, we will not disturb a verdict supported by the evidence simply because the charge could have been clearer or more precise. *Delson v. Ga. Dept. of Transp.,* 295 Ga. App. 84, 88 (671 SE2d 190) (2008). Applying those principles here, we do not believe that the trial court erred when it provided the jury with a minimal amount of information regarding codicils within the general charge on the construction of wills. Under the circumstances, the instruction was harmless. No undue emphasis was placed on codicils, and it is unreasonable to believe that jurors would be misled by the provision of basic information regarding codicils within the context of will construction.

(b) "In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law, and evidence; and not otherwise covered in the general charge." *Coile v. Gamble,* 270 Ga. 521, 522 (2) (510 SE2d 828) (1999). Lee requested a charge regarding incorporation by reference, specifically that an extrinsic document must be described "clearly, explicitly, and unambiguously" to be incorporated into a will. He fails, however, to cite any authority indicating that the doctrine of incorporation by reference

has been embraced in the context of wills under Georgia law. Absent any support for the proposition that the doctrine of incorporation by reference applies in this context, it was not error for the trial court to refuse to give the requested charge.

Lee also requested a charge that a codicil must refer to the will by date and by mentioning certain of its provisions. He relies on *Honeycutt v. Honeycutt*, 284 Ga. 42 (2) (663 SE2d 232) (2008) for this proposition. However, *Honeycutt* states:

> If a paper purporting on its face to be a codicil to an existing will which the testator had previously signed, refers to the will by date, and also, by mentioning certain of its provisions, unequivocally identifies it as the instrument to which the paper in question is intended as a codicil, it will be presumed that the testator, at the time of executing the codicil, knew the contents of the original will, and the due execution of the codicil, under such circumstances, will amount to a republication of the will, although the codicil is not actually attached to the will itself.

Id. at 45 (citation and punctuation omitted). *Honeycutt* stands for the proposition that reference to the will by date and certain provisions will be evidence that the testator knew the contents of the original will. Since knowledge of the contents of the original will is not at issue in this case, the requested charge is not tailored to the law and facts. Therefore, because the requested charge was a statement of the law that did not apply to the evidence at trial, the trial court's refusal to give the charge was not error.

(c) Even where a requested charge is a correct and accurate statement of the law tailored to the facts, it is not necessarily error to fail to charge it if the court sufficiently or substantially covered the principles embodied in the requested charge in the general charge. *Fowler Properties, Inc. v. Dowland*, 282 Ga. 76 (5) (646 SE2d 197) (2007). Though Lee's request for an instruction that disposition of property is an indispensable requirement for a will to be valid is an accurate representation of the law, the point was substantially covered in the general charge. For example, the trial court charged the jury that a will is a legal declaration of an individual's testamentary intention as to the disposition of property and other matters after the person's death. The trial court also included in the general charge that a document is testamentary in nature if it gives instructions about how property is to be distributed. Since the general instruction covered the disposition of property requirement, it was not error to reject the requested charge.

Similarly, Lee's requested charges regarding the "unequivocal identification requirement" were sufficiently incorporated in the general charge. Lee asked that the jury be charged that a codicil cannot republish a will unless it unequivocally identifies the document as the instrument to which it is intended as a codicil. Assuming arguendo that the requested charge is an entirely correct and accurate statement of the law, the general charge substantially covered the issue. The trial court indicated in its charge that a codicil must expressly affirm a will in order to be valid. Therefore, while Lee's requested charges may have been clearer or more precise, the trial court did not commit error by refusing to make the requested charges that were substantially covered in the general instructions to the jury.

3. Finally, Swain has filed a motion asking this Court to impose sanctions on Lee under Supreme Court Rule 6 for filing a frivolous appeal. However, it is not obvious to the Court that Lee's appeal was frivolous. Therefore, the motion for this Court to assess penalties for frivolous appeals pursuant to Rule 6 is denied.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2012.

*Catts & Brooks, Austin E. Catts, Todd C. Brooks*, for Lee.
*Chandra T. Jones*, for Swain.
*Bolin & West, Autumn W. Webster*, for Scott et al.

