**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 23, 2020**

# In the Court of Appeals of Georgia

A20A1088. CATES v. BROWN.

REESE, Presiding Judge.

Richard Cates ("Administrator"), administrator of the estate of Roger Cates ("Cates"),[1] appeals from a jury trial judgment in favor of Cynthia Brown. On appeal, Administrator argues that: (1) the trial court abused its discretion in failing to supplement the record; (2) Brown's unjust enrichment claims were barred because they arose out of a meretricious relationship with Cates; (3) the trial court erred in failing to charge the jury on the legal effect of the parties' meretricious relationship; and (4) the trial court erred in failing to charge the jury on the essential elements of

---

[1] After the parties filed briefs in this case, Roger Cates died, and Richard Cates was substituted as the appellant.

an unjust enrichment claim as applicable to the facts of the case. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the evidence at trial showed the following. Cates and Brown lived together as an unmarried couple from 1999 to 2014. In 1999, the parties moved into a home owned by Cates ("6065 Brandon Hill Lane"). A couple of years later, the parties bought and co-owned a successful restaurant. Income from the business paid for the couple's living expenses, including new vehicles and the 6065 Brandon Hill Lane house payments. Brown contributed funds for improvements and upgrades for 6065 Brandon Hill Lane, including a new deck, new pool liner, a rock patio, and interior remodeling. In 2011, the parties bought the neighboring house ("6055 Brandon Hill Lane") as an investment property. Brown contributed to the down payment of the house under the belief that Cates would add her to the house's title, but he did not do so. Brown also made contributions to improve the 6055 Brandon Hill Lane property.

The parties separated in 2014. Brown subsequently filed suit seeking, among other things, her percentage of ownership in the parties' assets and business. The court allowed Brown's claims for unjust enrichment and equitable division to proceed

---

[2] See *Jones v. Bebee*, 353 Ga. App. 689, 689 & n.2 (839 SE2d 189) (2020).

2

to trial. The jury found generally in favor of Brown, awarding her $220,000 and most of the restaurant's assets. The court entered a judgment on the jury's verdict, and this appeal followed.

We review a trial court's decision on whether to supplement the record for a manifest abuse of discretion.[3] "We review a trial court's jury instructions as a whole, de novo, for legal error."[4] With these guiding principles in mind, we now turn to Administrator's specific claims of error.

1. Administrator argues that the trial court abused its discretion in failing to supplement the record with Cates's requested jury charges.

At trial, both parties submitted written proposed jury instructions, but neither party filed those proposed jury instructions with the court. The parties argued each disputed proposed charge before the trial court, and that discussion appears on the transcript. After filing a notice of appeal, Cates filed a motion to supplement the record with his proposed jury charges. The trial court denied the motion, finding that "counsel for both parties handled the submission of their proposed charges

---

[3] See *Michel v. Michel*, 286 Ga. 892, 895 (2) (692 SE2d 381) (2010).

[4] *Troup County v. Mako Dev.*, 352 Ga. App. 366, 369 (2) (835 SE2d 44) (2019) (citation and punctuation omitted).

3

informally, and at no point requested that their proposed charges be filed and made a part of the record." The court found "that there [was] no misstatement to clear up or inadvertently omitted evidence to transmit to the appellate court[.]"

OCGA § 5-6-41 (f) provides, in pertinent part:

Where any party contends that the transcript or record does not truly or fully disclose what transpired in the trial court and the parties are unable to agree thereon, the trial court shall set the matter down for a hearing with notice to both parties and resolve the difference so as to make the record conform to the truth. If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court.

"[T]he discretion granted the trial court by OCGA § 5-6-41 (f) vests it with a necessary control over the designation and transmittal of both record and transcript."[5] In this case, Cates failed to file his proposed jury charges, and the discussion of these jury charges appears in the trial transcript. Given these facts, the trial court did not

---

[5] *Michel*, 286 Ga. at 895 (2) (citation and punctuation omitted).

manifestly abuse its discretion in denying Cates's motion to supplement the record.[6]

"[T]he trial transcript is sufficiently complete to afford a full and fair review of [Cates's] arguments."[7]

2. Administrator argues that Brown's unjust enrichment claims were barred because they arose out of a meretricious relationship with Cates.

OCGA § 13-8-1 provides that "[a] contract to do an immoral or illegal thing is void." In 1977, the Georgia Supreme Court held in *Rehak v. Mathis*[8] that claims premised on the parties' meretricious relationship — that is, unmarried cohabitation — constituted an immoral consideration. At the time, it was a misdemeanor offense, constituting the crime of fornication, for an unmarried person to voluntarily have sexual intercourse with another person.[9]

In 2003, the Georgia Supreme Court held that the fornication statute was unconstitutional to the extent that it criminalized "the private, non-commercial,

---

[6] See id.

[7] *Carr v. State*, 267 Ga. 547, 551 (2) (480 SE2d 583) (1997).

[8] 239 Ga. 541, 543 (238 SE2d 81) (1977).

[9] See OCGA § 16-6-18; see also *Abrams v. Massell*, 262 Ga. App. 761, 767 (5) (586 SE2d 435) (2003) (noting that fornication was illegal at the time of the Supreme Court's decision in *Rehak*).

consensual sexual acts of two persons legally capable of consent[.]"[10] The Court

stated that the statute violated the right to privacy, "a value so essential to individual

liberty in our society that its infringement merits careful scrutiny by the courts[,]" and

which included "the right to define one's circle of intimacy."[11]

Since 2003, the Georgia Supreme Court has not ruled on whether *Rehak*

remains binding precedent. Although the Supreme Court's statements in holding that

the fornication statute was unconstitutional bring *Rehak*'s continued applicability into

doubt, this Court has held that *Rehak* is still binding precedent, absent additional

guidance from the Georgia Supreme Court.[12]

Even so, we have not applied OCGA § 13-8-1 "where the object of the contract

is not illegal or against public policy, but where the illegality or immorality is only

collateral or remotely connected to the contract."[13] In this case, Brown's contributions

to the restaurant and two houses were not premised on sexual involvement with

---

[10] See *In re J.M.*, 276 Ga. 88, 90-91 (3) (575 SE2d 441) (2003).

[11] Id. at 88-89 (1) (punctuation and footnote omitted).

[12] See *Abrams*, 262 Ga. App. at 767 (5) (586 SE2d 435) (2003); see also *Kelley v. Cooper*, 325 Ga. App. 145, 147 (1) (751 SE2d 889) (2013) (citing *Abrams*).

[13] *Kelley*, 325 Ga. App. at 147 (1) (citations and punctuation omitted).

Cates. "At most, the existence of any romantic or sexual involvement between the parties was, as a matter of law, incidental to [Brown's contributions] rather than required by it."[14] Accordingly, the parties' unmarried cohabitation did not bar Brown's unjust enrichment claims.[15]

3. Administrator argues that the trial court erred in failing to charge the jury on the legal effect of the parties' meretricious relationship.

As explained above, the parties' unmarried cohabitation did not bar Brown's unjust enrichment claim. Accordingly, the trial court did not err by not charging the jury on the legal effect of the parties' meretricious relationship.[16]

4. Administrator argues that the trial court erred in failing to charge the jury on the essential elements of an unjust enrichment claim as applicable to the facts of the case. Specifically, he contends that the trial court should have included the following

---

[14] *Abrams*, 262 Ga. App. at 767 (5) (citation and punctuation omitted); see also *Boot v. Beelen*, 224 Ga. App. 384, 386 (1) (480 SE2d 267) (1997).

[15] See *Abrams*, 262 Ga. App. at 767 (5) (holding that the trial court erred in determining a jury issue remained as to whether the contract was unenforceable under OCGA § 13-8-1, because the contract at issue did not describe the parties' relationship as romantic or sexual, require that they share a bedroom, or require that they live together as husband and wife).

[16] See *Abrams*, 262 Ga. App. at 767 (5).

7

two jury instructions: "[Y]ou must find for [Cates] with respect to any payments or contributions made by [Brown] if you find that [Brown] made them as part of a general understanding with [Cates] that such payments would be made to support their lifestyle together." "For [Brown's] unjust enrichment claim to stand, you must find that the benefits provided to [Cates] had to have been provided by the [Brown]. If instead you find that the benefits provided to [Cates] resulted from the joint efforts of [Brown] and [Cates], then [Brown's] unjust enrichment claim should fall."

With respect to Brown's unjust enrichment claim, the court instructed:

> A claim of unjust enrichment will lie if there is no legal contract and the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which benefited — which the benefited party equitably ought to return or compensate for. The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received.

> Thus, a claim for unjust enrichment exists where a plaintiff asserts that the defendant induced or encouraged the plaintiff to provide something of value to the defendant, that the plaintiff provided a benefit to the defendant with the expectation that the defendant would be responsible for the cost thereof; and that the defendant knew of a benefit being bestowed upon him by the plaintiff, and either affirmatively chose to accept the benefit or failed to reject it.

8

For unjust enrichment to apply, the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost.

"In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law, and evidence; and not otherwise covered in the general charge."[17] "If the charge as a whole substantially covered the issues to be decided by the jury, we will not disturb a verdict supported by the evidence simply because the charge could have been clearer or more precise."[18] Thus, "where a requested charge is a correct and accurate statement of the law tailored to the facts, it is not necessarily error to fail to charge it if the court sufficiently or substantially covered the principles embodied in the requested charge in the general charge."[19]

In this case, the trial court charged the jury on unjust enrichment by quoting two of this Court's decisions.[20] The trial court's charge substantially covered the principles embodied in Cates's requested charges — the court's charge instructed the

---

[17] *Lee v. Swain*, 291 Ga. 799, 800 (2) (b) (733 SE2d 726) (2012) (citation and punctuation omitted).

[18] Id. at 800 (2) (a).

[19] Id. at 801 (2) (c).

[20] See *Sitterli v. Csachi*, 344 Ga. App. 671, 673 (2) (811 SE2d 454) (2018); *Campbell v. Ailion*, 338 Ga. App. 382, 386-387 (2) (790 SE2d 68) (2016).

9

jury that Brown had to confer a benefit, and that Brown had to act with the expectation that Cates would be responsible for the cost. Indeed, Administrator cites in his appellate brief the two cases the trial court quoted from as support for his requested charges. Accordingly, the trial court did not err in charging the jury on the essential elements of Brown's unjust enrichment claim.[21]

*Judgment affirmed. Markle and Colvin, JJ., concur.*

---

[21] See *Lee*, 291 Ga. at 800-801 (2) (b), (c).